MERRITT D. WOOD *et al.*, Plaintiffs in Error, *v.* GEORGE Goss *et al.*, Defendants in Error.

ERROR TO PEORIA.

A suit instituted by two plaintiffs, one of whom is a resident, should not be dismissed for want of a bond for costs.

If the resident plaintiff is not solvent, the course indicated in the second section of the statute in relation to costs should be followed, and a rule taken to dismiss, unless the plaintiff show cause to the contrary, within a time to be fixed by the court. If such rule is not entered, the dismissal is unauthorized.

THIS was an action of assumpsit by plaintiffs in error, one of whom was a non-resident, against defendants in error. A motion was made by defendants to dismiss the suit for lack of a bond for costs. This motion was sustained, and exception taken. The case is now brought to this court by writ of error.

H. M. WEAD, and C. C. BONNEY, for Plaintiffs in Error.

H. B. HOPKINS, for Defendants in Error.

Wood et al. *v.* Goss et al.

WALKER, J. The only question presented by this record, is, whether a suit instituted by two plaintiffs, one of whom is a non-resident, should be dismissed for the want of a bond for costs. The first section of the cost act, provides that when the plaintiff or person for whose use an action is to be commenced, shall not be a resident of the State, the plaintiff or person for whose use the suit is brought, shall, before he institutes his action, file a bond for costs, and on failing to do so, the suit shall be dismissed. The obvious intention of the legislature in this enactment was to secure the defendant in his costs, and when suit is instituted by more than one person as plaintiffs, and one or more of them are resident and solvent, the design of the statute is fully answered. The defendant has the right under this statute to have a resident plaintiff, or security for costs, who is solvent and able to respond to any judgment for costs which he may recover against plaintiffs. The officers have the same right, but when they have one such plaintiff, resident and amenable to the process of the court, no reason can exist for requiring additional or further security.

If a suit be instituted in the name of several plaintiffs, and any portion of them are non-resident, the court should not dismiss the suit until a rule is entered requiring security for costs, in the mode and for the reasons provided for in the second section of the cost act. If the plaintiff who is resident is not solvent, and could not be compelled to pay the costs on an execution, on the filing of affidavits of these facts, the court should enter a rule to dismiss the suit, unless the plaintiff show cause within a reasonable time, to be fixed by the court, and upon failing to answer and have the rule discharged within the time, the court would dismiss the suit, as it would any other case embraced in the second section. No such rule was taken in this case, and no reason is perceived why the suit should have been dismissed. There was therefore error in sustaining the motion to dismiss, and the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*